W. U. TEL. CO. v. J. F. SMITH ET AL.

(No. 2083.)

APPEAL from Hopkins County.   Opinion by WILL-SON, J.

STEMMONS & FIELD, counsel for appellant.

No counsel appeared for appellees.

§ **62.** *Telegraphic message; company may limit its liability by contract, to what extent; stipulation requiring repetition of message is valid; case stated.* Appellees transmitted over appellant's telegraph line from Carroll Prairie to Texarkana, to one Hall, a telegram as follows: "One hundred bales of cotton, strict middling, at nine cents; will you take it?" Hall answered as follows: "Will take your cotton at eight and three quarters, market dull and delicate." This answer when delivered to appellees read as follows: "Will take your cotton there, quotes market dull and delicate." At the time of receiving said answer, appellees had on hand eighty bales of the cotton, and understanding from the telegram as delivered to them, that Hall would take the one hundred bales at nine cents per pound, they purchased twenty bales to make up the one hundred bales. Hall refused to take the one hundred bales at nine cents per pound, but did take the same at eight and eight-tenths cents per pound. On the twenty bales purchased, appellees lost $40. They sued in justice's court for $102 damages and recovered

judgment for said amount.   On appeal by appellants to the county court, they recovered judgment for $40.   There is a stipulation in the contract between Hall and appellant, under which his answer to appellees was transmitted, that appellant would not be liable for mistakes in the transmission of said message, beyond the amount received for sending the same, unless said message was repeated.   Said message not having been repeated, it is contended by appellant that appellees have no cause of action for damages because of said mistake.   *Held:* This position is sustained by the law as settled in this state. "Telegraph companies can, by express contract, or by proper rules and regulations contained in printed notices or otherwise, and brought to the knowledge of those with whom they deal, under such circumstances as to create an implied contract, limit their liability for delays and errors in transmitting and delivering messages, except when caused by the misconduct, fraud or want of due care on the part of the company, its servants or agents." [W. U. Tel. Co. v. Neill, 57 Tex. 283; Womack v. W. U. Tel. Co. 58 Tex. 176; W. & W. Con. Rep. § 268.]   And these same cases hold that the stipulation in the contract, limiting the liability of the company when the message is not repeated, is a reasonable and valid one, and that the sender of the message is bound thereby whether or not he read or had knowledge of such stipulation.   And further, that a mistake in the transmission of a message is not, *per se*, sufficient proof of negligence, or want of due care on the part of the company in the transmission. Such being the law, appellees have failed to show any cause of action for the damages claimed by them.

§ **63.** *Contract not complete; facts insufficient to show cause of action for damages.*   Furthermore, appellees have not shown any cause of action for said damages because there was no complete contract between them and Hall for the sale of the cotton.   There was no acceptance on the part of Hall of the terms of sale offered by appellees, but on the contrary he declined to purchase

,on. said terms, and proposed to give a less price for the cotton. The minds of the parties had never met and agreed upon the terms of sale. Appellees were in no wise bound to let Hall have the cotton at less than nine cents, per pound. They had not agreed to do so, and were under no obligation, legal or moral, to do so. If they labored under a mistake as to their obligation to Hall, appellant cannot be held to answer for the consequences of such mistake.

December 9, 1885.          Reversed and remanded.